# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES CRAVENS, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:12-cv-0119 |
| v. | ) Judge Sharp / Knowles |
| TONY CHOATE, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before this Court are two Motions for Summary Judgment: the first, filed by Defendants Tony Choate, Dan Harding, Mark Parsons, and Greg Hicks (Docket No. 66), and the second, filed by Defendant Fay Smith (Docket No. 72). Defendants have filed supporting memoranda of law (Docket Nos. 67, 73), along with statements of undisputed facts (Docket Nos. 71, 75). Defendants Choate, Harding, Parsons, and Hicks have also filed excerpts from Plaintiff's Deposition (Docket No. 68-1), as well as the Declarations of Laurel Wasik (Docket No. 69), and Barbara Rogers (Docket No. 70). Defendant Smith has likewise filed excerpts from Plaintiff's Deposition (Docket No. 74-2), and has also filed her own Affidavit (Docket No. 74-1).

Plaintiff has not responded to either Motion or to either statement of undisputed facts, nor has he filed his own statement of undisputed facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his

serious medical needs, by providing him inadequate medical care, and by denying him access to a doctor. Docket No. 1. Plaintiff also avers that Defendant Choate threatened him for voicing his medical concerns, that Defendants would not give him paperwork to file a grievance, and that Defendant Smith failed to notify Scott County that he had a suspected staph infection. *Id.* Plaintiff sues Fentress County Sheriff, Tony Choate; Jailers Dan Harding, Mark Parsons, and Greg Hicks; and Jail Nurse Practitioner, Fay Smith, in their official and individual capacities.[1] *Id.* Plaintiff seeks compensatory and punitive damages, as well as "all past and future medical bills" from the incidents described in the Complaint. *Id.*

Defendants Choate, Harding, Parsons, and Hicks argue that they are entitled to summary judgment because: (1) Plaintiff's claims are barred by the applicable one-year statute of limitations; (2) Plaintiff cannot demonstrate that he suffered from any serious medical condition during his incarceration in the Fentress County Jail; (3) Plaintiff cannot establish that the individual corrections officer Defendants perceived any risk of harm to him that they then disregarded; (4) Plaintiff has not adduced any evidence that establishes any detrimental effect of the alleged delay in medical treatment; (5) Plaintiff's allegation that Defendant Choate threatened to "send [him] to Memphis," when there was no attempt to actually retaliate or punish him, and when he stated that going to Memphis "didn't matter" to him, is not actionable under §1983; and (6) Plaintiff is not entitled to any effective or responsive grievance procedure, such that his allegation that Defendants failed to provide him with a grievance form fails to state a

---

[1] Plaintiff originally additionally sued County Mayor, Frank Smith; Jail Administrator, Laurel Wasik; and "John and/or Jane Does." Docket No. 1. Plaintiff's claims against Defendants Smith, Wasik, and "John and/or Jane Does" were dismissed by Judge Sharp in an Order entered on January 10, 2013. *See* Docket No. 3. All remaining Defendants are parties to the instant two Motions for Summary Judgment.

2

claim upon which relief can be granted. Docket No. 67. Defendants also assert that they are qualifiedly immune. *Id.*

Defendant Smith argues that she is entitled to summary judgment because: (1) Plaintiff's claims are barred by the applicable one-year statute of limitations; (2) Plaintiff cannot demonstrate that he suffered from any serious medical condition during his incarceration in the Fentress County Jail; and (3) Plaintiff cannot establish that Defendant Smith perceived any risk of harm to him that she then disregarded, or that she delayed his medical care.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to material fact and that Defendants are entitled to judgments as a matter of law. Accordingly, the undersigned recommends that the instant Motions for Summary Judgment be GRANTED.

## **Undisputed Facts[2]**

Defendant Smith is a licensed family nurse practitioner in Jamestown, Tennessee. Docket No. 74-1, Affidavit of Evelyn Faye Smith ("Smith Aff."), ¶ 2. In 2010 and 2011, Defendant Smith provided contractual services to the Fentress County Sheriff's Department, whereby she saw prison inmates on an "as needed" basis. *Id.* She did not have a regularly scheduled routine for vising the Jail, but rather, would respond to requests for medical attention relayed to her by correctional officers or the Jail administrator. *Id.*

Defendant Smith responded in a timely manner to every medical request she was made aware of that was filed by Fentress County inmates. *Id.*, ¶ 3. Defendant Smith would also commonly see and treat inmates who had not filled out medical request forms while she was at

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

the Jail seeing and treating other inmates. *Id.*, ¶ 4. Defendant Smith would normally record notes from her interactions with inmates on any written medical request forms she was provided. *Id.*, ¶ 2. When she assisted inmates for whom she had not received written medical request forms, she examined the inmate, and then treated him if necessary. *Id.* Defendant Smith treated inmates with the same courtesy, respect, diligence, and professionalism she utilized in treating private patients. *Id.*, ¶ 7. Her treatment of inmates at the Fentress County Jail complied with the applicable standard of acceptable medical practice of family nurse practitioners encountering inmates under the same or similar circumstances. *Id.* Defendant Smith stopped working for the Fentress County Sheriff's Department in approximately October 2011. *Id.*, ¶ 2.

Plaintiff was incarcerated at the Fentress County Jail on February 27, 2011. Ex. 5 to Docket No. 69-1, Deposition Excerpts with Exhibits of Plaintiff James Cravens ("Plaintiff's Dep."); Plaintiff's Dep., pp. 17-18; Ex. B to Docket No. 70, Declaration of Barbara Rogers ("Rogers Decl."); Rogers Decl., ¶ 4. While incarcerated at the Fentress County Jail, Plaintiff completed four requests for medical assistance, with the first being completed on March 4, 2011, and the last being completed on April 14, 2011. Exs. 6-9 to Plaintiff's Dep. Plaintiff's medical requests sought treatment for complaints including wisdom teeth, earache, sore back, leg, and sore throat. *Id.* On March 4, 2011, Plaintiff submitted a medical request complaining of his ear hurting, a sore on his back, and his leg being infected. Rogers Decl., ¶ 6, Ex. C; Plaintiff's Dep., p. 22. In response to that request, Defendant Smith saw Plaintiff on March 14, 2011. Rogers Decl., ¶ 6, Ex. K; Plaintiff's Dep., pp. 22-25. She prescribed him medication and ear drops to treat his earache. Plaintiff's Dep., pp. 23-26. On March 15, 2011, prescriptions for Hydroxyzine and Ibuprofen were filled. Rogers Decl., ¶ 7, Ex. D. Medication logs indicate that Plaintiff

4

began receiving his medication on March 16, 2011. Rogers Decl., ¶ 7, Ex. E. Defendant Smith saw Plaintiff again on March 21, 2011. Rogers Decl., ¶ 8, Ex. K.

On March 31, 2011, Plaintiff completed another medical request form complaining of a sore throat, that the sore on his back needed examining, and that he need "other prescription for wisdom teeth." Rogers Decl., ¶ 9, Ex. F.

On April 3, 2011, Plaintiff again completed a medical request form complaining that the sore on his back needed to be checked. Rogers Decl., ¶ 10, Ex. G.

Defendant Smith saw Plaintiff on April 6, 2011, and a prescription was thereafter filled for Hydrocortisone drops. Rogers Decl., ¶ 11, Ex. H; Exs. 6-9 to Plaintiff's Dep. Plaintiff began receiving the additional medication on April 7, 2011. Rogers Decl., ¶ 11, Ex. E.

Plaintiff completed his final medical request form on April 14, 2011, complaining that his other ear was swelling and that his throat was sore again. Rogers Decl., ¶ 12, Ex. I; Plaintiff's Dep., p. 28; Exs. 6-9 to Plaintiff's Dep. On April 17, 2011, Defendant Smith saw Plaintiff, and prescribed him additional medication. Rogers Decl., ¶ 12, Ex. K; Exs. 6-9 to Plaintiff's Dep. On April 18, 2011, the ordered prescriptions for Amoxicillin and Hydroxyzine were filled. Rogers Decl., ¶ 13, Ex. J.

Defendant Smith never denied Plaintiff any necessary treatment. Smith Aff., ¶¶ 7, 8. She always treated every one of Plaintiff's medical issues and complaints of which she became aware with compassion and competency, and she was never deliberately to any medical need of which she learned. *Id.*, ¶¶ 3, 7, 8. Defendant Smith never saw or treated Plaintiff after her last visit with him in April 2011. Plaintiff's Dep., p. 104.

While incarcerated at the Fentress County Jail, Plaintiff never filed a grievance

complaining about a denial of medical care. Plaintiff's Dep., p. 42. Plaintiff admits that Defendant Smith treated him on at least three occasions, and prescribed him medication on two separate occasions. *Id.*, pp. 105-06, Docket No. 1.

Plaintiff was transferred from the Fentress County Jail to Scott County for housing on April 25, 2011. Rogers Decl, ¶¶ 5, 14; Plaintiff's Dep., pp. 28-29. Right before his transport to Scott County for housing, all of the inmate population at the Fentress County Jail, including Plaintiff, were given preventative treatment for staph. Plaintiff's Dep., pp. 58, 104-05. In September 2011, some five months after his transfer to the Scott County facility, Plaintiff experienced a medical issue involving his leg. *Id.*, pp. 44-47, 55-58.

Plaintiff contends that sometime between September 15 and September 18, 19, or 22, 2011, he was in the Fentress County Jail temporarily due to a court appearance. *Id.*, pp. 44-45, 48, 55. Plaintiff contends that, at the time he entered the Fentress County Jail, he had no sore throat, no ear issues, no sore teeth, no back issues, and no visible knots. *Id.*, p. 47.

On September 28, 2011, Plaintiff went out with a work crew. Plaintiff's Dep., pp. 48-53. Also on September 28, 2011, after his return to the Scott County facility from the work crew, a corrections officer noticed Plaintiff's leg to be swollen and called the nurse. *Id.*, pp. 57-58. After being examined, Plaintiff was transported from the Scott County facility and admitted to the hospital. Rogers Decl., ¶ 14; Ex. L. Plaintiff was granted a medical furlough effective September 30, 2011. Rogers Decl., ¶ 14; Ex. L. Plaintiff remained in the hospital until October 3, 2011. Plaintiff's Dep., p. 62.

At the hospital, Plaintiff was treated for 3 wounds on the inside of his thighs, one of which was approximately the size of a lemon. Plaintiff's Dep., pp. 94-96, 115. These wounds

were not present during his incarceration in the Fentress County Jail; Plaintiff did not even notice these wounds until the day he was taken to the hospital; accordingly, Plaintiff never reported these wounds to anyone. *Id.*

Plaintiff states that, days prior to his admission to the hospital, he began to experience his head hurting, nausea, and felt like he was running a fever. Plaintiff's Dep., p. 52. At no time between his return from the Fentress County Jail and his hospitalization did Plaintiff complete any medical requests for these symptoms in Scott County. *Id.*, pp. 56-57.

Once transferred to the Scott County facility, other than returning for overnight stays to facilitate court appearances, Plaintiff did not return to the Fentress County Jail for any extended length of time. *Id.*, pp. 32-33. Defendant Smith no longer treated Plaintiff after his transfer to Scott County. *Id.*, p. 104.

On March 24, 2011, Plaintiff wrote a letter to the Federal Court requesting paperwork to join a lawsuit filed by another Fentress County inmate complaining generally about prison conditions. Ex. 10 to Plaintiff's Dep. In that letter, Plaintiff also claimed that he had been denied medication for his degenerative disc disease when he was incarcerated at the Fentress County Jail. *Id.* That letter made no reference to any other alleged denial of medical care while at the Jail. *Id.*

On October 26, 2011, Plaintiff was arrested by Putnam County on new charges of possession of controlled substances. Plaintiff's Dep., pp. 68-69. He remained in the custody of the Putnam County Jail until May 8, 2012, when he was released to Fentress County to continue serving his remaining time in Fentress County. *Id.*, pp. 70-71; Rogers Decl., ¶ 16; Ex. M. At the time Plaintiff was returned to the Fentress County Jail, his treatment for MRSA had ended.

7

Plaintiff's Dep., p. 72. Plaintiff was released from the Fentress County Jail on July 16, 2012 and has not returned. *Id.*, p. 71; Rogers Decl., ¶ 17; Ex. M.

Plaintiff filed the instant action on December 26, 2012, approximately twenty months after his transfer from the Fentress County Jail (and thereby, his last encounter with Defendants), and approximately fourteen months after his September 28, 2011 hospital admission from the Scott County facility. Plaintiff's Dep., pp. 48, 72, 104; Docket No. 1.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motions on November 25 and 27, 2013. Docket Nos. 66, 72. Plaintiff has failed to respond to the instant Motions.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

8

Plaintiff has failed to respond to Defendants' statements of undisputed material facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B. Summary Judgment Standards

It would be inappropriate to grant Defendants' Motions solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the

burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

**1.  Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

>thereof to the deprivation of any rights, privileges, or immunities
>secured by the Constitution and laws, shall be liable to the party
>injured in an action at law, suit in equity, or other proper
>proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

>Excessive bail shall not be required, nor excessive fines imposed,
>nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the

unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

**b. Deliberate Indifference To Serious Medical Needs**

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the

12

defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**D.  The Case at Bar**

As an initial matter, the statute of limitations for a §1983 action is the same as that for personal injuries, which, in Tennessee, is one year. *See Wilson v. Garcia*, 471 U.S. 261 (1985); Tenn. Code Ann. §28-3-104(a)(3). The statute of limitations begins to run when Plaintiff "knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003).

In the instant action, it is undisputed that: (1) Plaintiff was incarcerated at the Fentress County Jail from February 27, 2011 through April 25, 2011, when he was transferred to Scott County for housing; (2) Plaintiff returned to the Fentress County Jail temporarily for a court appearance sometime between September 15, 2011 and September 18, 19, or 22, 2011; (3) Plaintiff was hospitalized from September 28, 2011 through October 3, 2011 for 3 wounds on the inside of his thigh; and (4) Plaintiff filed this action on December 26, 2012.

As noted above, Plaintiff testified in his Deposition that the 3 wounds for which he was hospitalized on September 28, 2011 were not present during his incarceration in the Fentress County Jail; Plaintiff did not even notice these wounds until the day he was taken to the hospital; and Plaintiff never reported these wounds to anyone. Given these facts, it is undisputed that Plaintiff knew of the injury forming the basis of this action on September 28, 2011. As mentioned, Plaintiff did not file this case until December 26, 2012, well outside the one-year statute of limitations. Accordingly, Plaintiff's claims are barred by the statute of limitations.

### IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law. The undersigned therefore

recommends that Defendants' Motions for Summary Judgment (Docket Nos. 66, 72) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge